UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60832-SMITH/VALLE

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON SUBSCRIBING
TO POLICY NUMBER BOFTL14722,

    Plaintiff,

v.

TOP DOG REAL ESTATE HOLDINGS II,
LLC, a Limited Liability Company., *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Certain of Defendant Shantese Fashaw's Affirmative Defenses (ECF No. 28) (the "Motion to Strike"). U.S. District Judge Rodney Smith has referred all non-dispositive pretrial motions to the undersigned. *See* (ECF No. 25). Accordingly, having reviewed the Motion, Defendant's Response (ECF No. 33), Plaintiff's Reply (ECF No. 38), and being otherwise duly advised in the matter, the Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.[1]

### I.    BACKGROUND

Certain Underwriters at Lloyd's, London Subscribing to Policy Number BOFTL14722 ("Plaintiff") issued a Commercial General Liability insurance policy to its named insured, Top Dog

---

[1] Motions to strike pleadings are non-dispositive motions that may be ruled upon by a magistrate judge by order unless they have dispositive effect. Because this Order is entered without prejudice and with leave to amend, it is not dispositive of the action. *See Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 n.1 (S.D. Fla. Aug. 21, 2007); *see also Triolo v. United States*, No. 3:18-CV-919-J-34JBT, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019); Fed. R. Civ. P. 72(a).

Real Estate Holdings II, LLC ("Top Dog") bearing policy number BOFTL14722.  On April 23, 2020, Plaintiff filed a Complaint for Declaratory Judgment against several Defendants, including Defendant Shantese Fashaw, as Personal Representative of the Estate of Tarus D. Fashaw ("Defendant Fashaw"). *See generally* (ECF No. 1).  Defendant Fashaw had previously filed suit against Top Dog and others, seeking to recover damages for the alleged wrongful death of Tarus D. Fashaw on premises owned by Top Dog.[2]  Subsequently, Plaintiff filed this action in federal court seeking a declaration that: (i) it does not owe a duty to defend Defendants Top Dog and Bruce Broddie in the Underlying Action; and (ii) it does not owe a duty to indemnify Top Dog and Mr. Broddie for any claims that have been brought on judgment entered in the Underlying Action.  *Id.*

On July 20, 2020, Defendant Fashaw filed her Answer and asserted seventeen affirmative defenses (the "Answer").[3]  (ECF No. 18).  In the instant Motion, Plaintiff seeks to strike nine of the seventeen affirmative defenses.  *See generally* (ECF No. 28).  Specifically, Plaintiff argues that affirmative defenses 1-4, 7-8, 13, and 16-17 are invalid or insufficient as a matter of law.  *Id*. at 3.  Defendant opposes the Motion and asserts that striking affirmative defenses is disfavored.  *See generally* (ECF No. 33).  Defendant further argues that she is only required to put Plaintiff on notice of the affirmative defense pursuant to Rule 8(b) and does not need to meet the higher pleading standard of Rule 8(a) (requiring a short and plain statement that the pleader is entitled to relief).  *Id.* at 2-5.

---

[2] That action is case No. CACE 18-0066345, pending in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Underlying Action"), which alleges six causes of action and remains pending in state court.

[3] The Affirmative Defenses are set forth in paragraphs 59 through 75.  (ECF No. 18 at 4-5). Plaintiff renumbers the defenses 1 through 17.  (ECF No. 33).

## II.      LEGAL STANDARD

### A. Rule 12(f) and Affirmative Defenses Generally

An affirmative defense is one that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and gives courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Dionisio v. Ultimate Images and Designs, Inc.*, 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019); *Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-CV-80972, 2017 WL 5159601, at *2 (S.D. Fla. Nov. 7, 2017) (citations omitted); *U.S. Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016). Nonetheless, despite the court's broad discretion, granting a motion to strike is considered a drastic remedy and is disfavored. *Dionisio,* 391 F. Supp. 3d at 1191; *Kapow*, 2017 WL 5159601, at *2 (citations omitted); *Hilson v. D'more Help, Inc.*, No. 15-CIV-60155, 2015 WL 5308713, at *1 (S.D. Fla. Sept. 11, 2015) (citation omitted).

Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Hilson*, 2015 WL 5308713, at *1 (citation omitted). Even so, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Dionisio*, 391 F. Supp. 3d at 1191-92 (citation and quotations omitted); *Kapow*, 2017 WL 5159601, at *4 ("Although Rules 8(b) and (c) do not require the heightened pleading standard set out in Rule 8(a), an affirmative defense must be stricken when the defense is comprised of no more than bare-bones conclusory allegations.") (citations and quotation omitted); *Mintco*, 2016 WL 3944101, at *2 (noting that affirmative defenses will be stricken if insufficient as a matter of law) (citations omitted);

3

*see also* Fed. R. Civ. P. 12(f).  An affirmative defense is insufficient as a matter of law where: "(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Dionisio*, 391 F. Supp. 3d at 1192; *Kapow*, 2017 WL 5159601, at *3 (citations and quotations omitted).

### B. Pleading Standard for Affirmative Defenses

Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion.  *Dionisio,* 391 F. Supp. 3d at 1192 (citation omitted); *see also  Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 333 F.R.D. 594, 599 (S.D. Fla. 2019) (concluding that both complaints and affirmative defenses must comply with the same pleading standards of Rule 8).  Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Twombly* and *Iqbal.  See Dionisio*, 391 F. Supp. 3d at 1192 (discussing split of opinion and collecting cases adopting heightened pleading standard).  Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests."  *Dionisio,* 391 F. Supp. 3d at 1192 (holding that affirmative defenses are not subject to the heightened pleading standard of *Twombly* and *Iqbal*); *see also Gonzalez v. Scottsdale Ins. Co.*, No. 20-20747-CIV, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) (discussing the difference between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses) and collecting cases); *Mt. Hawley Ins. Co., v. Boca Bayou Condominium Ass'n., Inc.*, No. 18-81656, (S.D. Fla. Dec. 20, 2019), ECF No. 82, *report and recommendation adopted*, No. 18-81656-SMITH, 2020 WL 1441921 (S.D. Fla. Mar. 25, 2020); *Kapow*, 2017 WL 5159601, at *2; *Mintco*, 2016 WL 3944101, at *3; *Hilson*, 2015 WL 5308713, at *2.

In the absence of Eleventh Circuit precedent, the undersigned is persuaded by the reasoning in the cases holding that affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*. *See, e.g., Milgram v. Chase Bank USA, N.A.*, No. 19-CV-60929, 2020 WL 3791609, at *3 (S.D. Fla. July 6, 2020) (discussing pleading standards and concluding that affirmative defenses are not subject to higher pleading standards).

### III.   DISCUSSION

**A. First, Second, Third, and Fourth Affirmative Defenses**

Plaintiff argues that the first, second, third, and fourth affirmative defenses are mere statements of law and should, therefore, be stricken. (ECF No. 28 at 4-5). In response, Defendant argues that Plaintiff is sufficiently on notice of the defenses and further asserts that discovery will bear out supportive facts. (ECF No. 33 at 3). The affirmative defenses are fully set forth below.[4]

FIRST: That the policy issued by Plaintiff provides coverage for the underlying action and the damages sought.

SECOND: That all ambiguities should be construed in favor of Defendants and against Plaintiff which drafted the insurance policy.

THIRD: That when there are two reasonable interpretations of a policy one providing coverage and the other limiting coverage, the insurance policy is deemed ambiguous as a matter of law and the interpretation providing coverage to the insured must govern.

FOURTH: That the insurance policy issued by Plaintiff should be read in its entirety and *in pari materia* and should be construed according to the entirety of its terms and conditions, not in selective portions as Plaintiff has attempted to do.

---

[4] Although Plaintiff's numbering starts at paragraph 59, for ease of reference, the undersigned renumbers the corresponding affirmative defenses "First" through "Seventeenth." *See* (ECF No. 18 at 4-5).

5

Rule 8 does not obligate a defendant to provide detailed and particular facts, but requires only that the defendant give "fair notice" of the defense and "the grounds upon which it rests." *Evanston Ins. Co. v. Berlanga*, No. 11-CV-20917, 2011 WL 13223482, at *1 (S.D. Fla. June 17, 2011) (citation omitted); *Macy's Fla. Stores, LLC v. Illinois Nat'l Ins. Co.*, No. 08-21619-CIV, 2008 WL 11332078, at *1 (S.D. Fla. Oct. 2, 2008). Nonetheless, the above defenses are conclusory statements of law that fall short of Rule 8's pleading requirements. *See, e.g., Pirgmann v. Wood*, No. 13-61856-CIV, 2014 WL 12860834, at *2 (S.D. Fla. Feb. 7, 2014), *report and recommendation adopted*, No. 13-61856-CIV, 2014 WL 12860827 (S.D. Fla. Mar. 4, 2014) (striking bare-bones conclusory allegations that simply name legal theories but do not indicate how the theory is connected to case). Thus, Defendant must allege additional facts to support these affirmative defenses.

The Court is also unpersuaded by Defendant's argument that the affirmative defenses are sufficient because discovery will provide additional supportive facts. (ECF No. 33 at 3). As Plaintiff points out, the parties have already engaged in substantial discovery through the Underlying Action that would enable Defendant to allege facts to sufficiently support her affirmative defenses. (ECF No. 38 at 5). Accordingly, the first, second, third, and fourth affirmative defenses are stricken without prejudice, with leave to amend.

### B.  Seventh and Thirteenth Affirmative Defenses

Plaintiff next argues that the seventh and thirteenth affirmative defenses lack factual support and are insufficient as a matter of law. (ECF No. 28 at 5-7, 8-9). Specifically, the defenses allege as follows:

SEVENTH:   That Plaintiff is estopped from denying coverage.

THIRTEENTH:   That if there was a reservation of rights letter sent by Plaintiff to Defendants concerning this matter, Plaintiff is estopped from asserting any coverage defense not disclosed in the reservation of rights letter.

Courts differ on whether the estoppel affirmative defense can be asserted in conclusory fashion as Defendant does in the seventh affirmative defense. *Compare, e.g., Abajian v. HMSHost Corp.*, No. 0:20-CV-60324, 2020 WL 1929134, at *3 (S.D. Fla. Apr. 21, 2020) (denying motion to strike single-sentence affirmative defense alleging plaintiff's claims were barred in whole or in part by equitable doctrines of waiver, estoppel, unclear hands, and/or laches) and *EEOC v. Darden Rests., Inc.*, No. 15-20561-CIV, 2016 WL 9488709, at *4 (S.D. Fla. June 1, 2016) (denying motion to strike equitable affirmative defenses including estoppel where defendant provided explanation of legal theory) *with Dionisio*, 391 F. Supp. 3d at 1195 (granting motion to strike boiler plate affirmative defense of estoppel where it failed to give fair notice of nature and grounds for defense).

Although, as noted above, affirmative defenses are not subject to the heightened pleading standard in *Twombly* and *Iqbal*, the defense must still provide fair notice and the nature of the grounds up on which it rests. Here, in the absence of binding precedent and based on the facts of this case, which involves an insurance declaratory action, the undersigned finds the one-line estoppel affirmative defense is insufficient. Accordingly, Defendant must amend her seventh affirmative defense to adequately give fair notice to Plaintiff and provide the basis of the defense.

The thirteenth affirmative defense, however, survives. Plaintiff, on the one hand, generally argues that insurance coverage and/or restrictions on coverage cannot be extended through the doctrine of estoppel. (ECF No. 28 at 9). Conversely, Defendant asserts that Plaintiff is sufficiently on notice of estoppel as a defense. (ECF No. 33 at 4-5). The Court finds that, at this stage of the proceedings, the thirteenth affirmative defense is sufficient to provide Plaintiff with notice of the nature of the defense. Accordingly, Plaintiff's Motion to strike the thirteenth affirmative defense is denied.

### C. Eighth, Sixteenth, and Seventeenth Affirmative Defenses

Lastly, Plaintiff moves to strike the eighth, sixteenth, and seventeenth affirmative defenses, which state:

EIGHTH: That Plaintiff has waived its right to deny coverage.

SIXTEENTH:  That this action is untimely pursuant to section 627.426, Florida Statutes.[5]

SEVENTEENTH:  That these Defendants reserve all rights to amend their pleadings and affirmative defenses as discovery continues.[6]

Defendant failed to respond to or otherwise oppose Plaintiff's motion to strike these defenses. In the absence of any opposition, the Court finds that Defendant's eighth, sixteenth, and seventeenth affirmative defenses should be stricken with prejudice.

### IV.    CONCLUSION

For reasons set forth above, it is hereby **ORDERED AND ADJUGED** that Plaintiff's Motion to Strike Certain of Defendant Shantese Fashaw's Affirmative Defenses (ECF No. 28) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the Motion is **GRANTED** without prejudice as to the first, second, third, fourth, and seventh affirmative defenses, which are stricken with leave to amend.   The Motion is also **GRANTED** with prejudice as to the eighth, sixteenth, and seventeenth affirmative defenses, which are stricken for failure to oppose the Motion.  However, the Motion is **DENIED** as to the thirteenth affirmative defense as Plaintiff is sufficiently on notice of the nature of that defense.

---

[5] Section § 627.426 is Florida's Claims Administration Statute.  *W. Heritage Ins. Co. v. Montana*, No. 8:13-CV-1116-T-24-TG, 2013 WL 5913971, at *1 (M.D. Fla. Oct. 24, 2013), aff'd, 623 F. App'x 525 (11th Cir. 2015).

[6] Although this affirmative defense is denied procedurally because of Defendant's failure to respond, even on the merits, a reservation of rights fails to constitute an affirmative defense as it does not respond to any allegation in the complaint. *Mt. Hawley*, No. 18-81656, ECF No 82 at *8 (citation omitted).

Within fourteen (14) days from the date of this Order, Defendant must amend the affirmative defenses that have been stricken without prejudice. Failure to timely comply with this Order may result the affirmative defenses being stricken with prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on February 24, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of Record